AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Arkansas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RALPH FRANCIS DELEO | ) | Case No. 4:09MJ3014 HLJ |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___Friday, December 12, 2008___ in the county of ___Lonoke___ in the ___Eastern___ District of ___Arkansas___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., Section 846 | by conspiring to possess with intent to distribute more than five hundred grams of cocaine, a Schedule II substance. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brian W. Tichenor          SA/FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _Nov. 4, 2009_

_____
*Judge's signature*

City and state: _Little Rock, AR_

Henry L. Jones, Jr. U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, BRIAN W. TICHENOR, being duly sworn, state as follows:

1.      I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been employed in such capacity for approximately seven and one half (7 1/2) years. Since 2003, I have been assigned to the Violent Crimes-Joint Task Force (VC- JTF) in Little Rock, Arkansas. The primary responsibility of the VC-JTF is to investigate repeat narcotics offenders and violent offenders and violent street gangs in the Little Rock metropolitan. The VC-JTF consists of agents from the FBI and officers of the Little Rock Police Department. As an investigator assigned to this Task Force, I have participated in and conducted numerous investigations which involved violent crimes and narcotics offenses committed by street gangs. Prior to my current assignment, I worked on as a Police Officer with the Collierville Police Department, Collierville, Tennessee for approximately five (5) years. During this time I worked as a patrol officer and was involved in numerous arrest involving illegal narcotics including cocaine and marijuana.

2.      This affidavit is based on my personal participation in the investigation, my training and experience, my review of records, information received from interviews, information from other law enforcement officers and investigators, and court authorized recorded conversations. This affidavit is submitted in support of a complaint and arrest warrant for RALPH FRANCIS DELEO, date of birth May 12, 1943. This affidavit does not contain all of the information I have obtained in connection with this investigation.

3.      I believe that probable cause exists that RALPH FRANCIS DELEO conspired to possess with intent to distribute a controlled substance, namely cocaine, in violation of Title 21, United States Code, Sections 846 and 841.

4.     On December 2, 2008, United States District Court Judge Brian S. Miller entered an Order authorizing the interception of wire communications to and from the cellular telephone of GEORGE WYLIE THOMPSON.[1] Through the course of those interceptions, numerous telephone conversations occurred involving THOMPSON, DELEO, and a third individual, TRI CAM LE. THOMPSON and TRI LE are believed to be associates who resided in and around the greater Little Rock, Arkansas area. DELEO resides in the greater Boston, Massachusetts area.

5.     Beginning December 4, 2008, a series of calls was intercepted between THOMPSON and TRI LE, related to TRI LE's travel from the Southwest United States to Little Rock, Arkansas. For example, on Friday, December 5, 2008, at approximately 4:54 p.m., THOMPSON called TRI LE, who said he was more than half way and should be there this weekend, on Saturday or early Sunday. Immediately after this call, at 4:56 p.m., THOMPSON called DELEO. DELEO asked how everything was going, and THOMPSON replied that "he" (LE) was still driving and was half way, taking it easy. DELEO asked what he (LE) was going to do and whether he needed a day or two's rest. THOMPSON said he would probably be out of there Saturday or Sunday after getting a little rest. DELEO said that would be good. Based on calls and events discussed below, I believe these calls related to a delivery of cocaine that TRI LE was in the process of transporting from the Southwest first to Little Rock and then on to DELEO in Cambridge, Massachusetts

6.     On December 8, 2008, at 9:48 p.m., THOMPSON called DELEO and said, "I'm going

---

[1] On October 8, 2009, in Case No. 4:09CR00305 JLH, a federal grand jury in the Eastern District of Arkansas returned an indictment of THOMPSON charging THOMPSON with possessing with intent to distribute a controlled substance, namely cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; conspiring to do the same in violation of Title 21, United States Code, Section 846, and using a communication device to facilitate a drug transaction, in violation of Title 21, United States Code, Section 843(b).

to put him on the phone and you can tell him where abouts in Boston you are." THOMPSON then put an individual believed to be LE on the phone. DELEO asked how LE was doing, indicated he knew he was tired, and said, "We gotta figure out an easier way." DELEO proceeded to give LE detailed driving directions from Interstate-95 to the Massachusetts Turnpike. Evidently because he was having difficulty understanding DELEO, LE then put THOMPSON back on the phone to get the rest of the directions. DELEO then gave THOMPSON detailed directions to the Doubletree Hotel in Cambridge. DELEO said he (LE) can pull into the Doubletree Hotel and give DELEO a call and that he (DELEO) would get LE's number from THOMPSON once LE was on the road. THOMPSON said LE was going to report (to Immigration) on Wednesday (December 10) and would leave on Thursday. DELEO confirmed that he would be in New York on Saturday (December 13) and therefore it would be better to arrange for LE to make the delivery on Sunday. DELEO told THOMPSON to tell LE to time it so he arrives in Boston on Sunday and not to "hang around Boston with the ... you know what I'm talking about (cocaine), especially in Dorchester ... 'cause he'll get stopped there."

7.    On December 11, 2008, at 12:29 p.m., THOMPSON called DELEO and said he (LE) was not going to leave until Friday (December 12) and that THOMPSON had given him a map. DELEO said to mark it out and make sure he (LE) knows to go to the Doubletree and to give him a call and he (DELEO) will meet him there, "like I met you."

8.    On Friday, December 12, 2008, at approximately 3:59 p.m., Arkansas State Police instituted a traffic stop on a vehicle being driven by TRI LE on Interstate 40 between Little Rock and Memphis. The police report indicates LE's place of employment as "Forbidden City Restaurant" and his cell phone number as 501-551-8801 (the number THOMPSON has been using to reach LE).

3

During a consent search of the vehicle LE was driving, officers located approximately 2 kilograms of a substance determined by the Arkansas State Crime Lab to be approximately 2026.8 grams of cocaine hydrochloride  TRI LE and a passenger were placed under arrest.

9.     On Friday evening at approximately 9:16 p.m., TRI LE called THOMPSON from Lonoke County Detention Center and stated, "Hey George, can you come to bail me out? " THOMPSON replied, "Where you at?," and TRI LE stated, "Lonoke County Detention Center." THOMPSON replied, "Let me call a bondsman," and TRI LE said, "Yeah, it's $50,000 bond." Following this call, at approximately 9:36 p.m., THOMPSON called DELEO and stated, in relevant part, "got a problem." DELEO replied, "Uh, got a problem? . . . What happened?" THOMPSON stated, "He (LE) got pulled over." DELEO said, "What?" THOMPSON said he had called a lawyer and thought it might be immigration but didn't know." After a pause, DELEO asked, "yeah, they find anything?" THOMPSON said he didn't know. DELEO asked where he (LE) was and before THOMPSON could answer he received a call from the lawyer and paused his call with DELEO. When THOMPSON came back to DELEO, he said that was the lawyer and it's $50,000 bond. DELEO asked what the charge was, and THOMPSON said possession with intent. THOMPSON said the lawyer thought he could get the bond reduced and referenced that he would have to post $5,000, and the lawyer thought he could get it reduced to $2500. DELEO commented that if the bail was that low "that possession thing is not much" (i.e., the police did not find all the drugs). DELEO said that if they can get him bonded out, "it's not for that" (meaning the cocaine LE was transporting to DELEO). THOMPSON agreed. DELEO said what he was hoping was that he (LE) was not on the road traveling yet and that he happened to just pick up something (some smaller quantity of drugs) and was arrested for that. THOMPSON said that was what he was hoping but they won't

4

know for sure until Monday. DELEO said he hoped they (LE and his passenger) weren't doing something stupid, like smoking (marijuana) or something. THOMPSON assured him LE doesn't do that. DELEO said to call him when THOMPSON hears about the bond, because if it is something minor, he doesn't know if they can chance it with LE hitting the road again. THOMPSON agreed. DELEO again said if it was anything major he would have "no-bond ... that's a no bond thing" (meaning the amount of drugs LE was to be transporting to DELEO would have called for LE's detention). THOMPSON told DELEO to "have a good evening," to which DELEO responded, "how am I going to have a fucking good evening?"

10.    At approximately, 10:11 p.m. that same night (December 12), THOMPSON called DELEO again and stated that he had talked with the bail bondsman and "what they did was a state trooper on the interstate, he pulled them over ... and went and got the dog." DELEO asked, "They got it?" and THOMPSON replied, "Yep . . . well she knew exactly how much was there...she said 2.2 kilos (2.2 kilograms of cocaine)."

11.    On December 14, 2008, at 4:45 p.m., DELEO called THOMPSON, and the conversation then turned to TRI LE's arrest. DELEO said, "I don't know if I can sleep tonight. That was devastating." THOMPSON responded, "Worse than fucking devastating." I believe this indicates that THOMPSON and/or DELEO had paid for the drugs that had been seized and now were not going to be able to make back their money by selling the drugs.

12.    Based on the foregoing, I believe there is probable cause to believe that RALPH FRANCIS DELEO conspired to possess with intent to distribute a controlled substance, namely cocaine, in violation of Title 21, United States Code, Sections 846 and 841.

BRIAN W. TICHENOR
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this
_4/12_ day of November, 2009.

HENRY L. JONES, JR.
United States Magistrate Judge
Eastern District of Arkansas

6

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| RALPH FRANCIS DELEO | ) | Case No.  4:09 MJ3014 HLJ |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   RALPH FRANCIS DELEO _____ ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment        ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint

☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

A violation of Title 21, United States Code, Section 846 for conspiring to possess with intent to distribute more than five hundred grams of cocaine, a Schedule II substance.

Date: *Nov 4, 2009*

City and state: *Little Rock, AR*

*Issuing officer's signature*

*Henry L. Jones, Jr. U.S. Magistrate Judge*
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ ___ |
| _____ |
| *Arresting officer's signature* |
| _____ |
| *Printed name and title* |

AO 442 (Rev. 01/09) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:    Ralph Francis Deleo

Known aliases:

Last known residence:    Somerville, Massachusetts

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:    05/12/1943

Social Security number:

Height:    5'9"                                        Weight:    175

Sex:    Male                                          Race:    White

Hair:    Black                                        Eyes:    Brown

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:    FBI, Little Rock, AR

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

09 - 904 - MBB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ~~1:09CR~~ 4:09MJ 3014 HLJ |
| | ) | |
| RALPH FRANCIS DELEO | ) | Title 21, U.S.C. § 846 |
| | ) | Title 21, U.S.C. § 841(a)(1) |
| | ) | |

MOTION TO SEAL

The United States requests that the above-styled Complaint be sealed until the defendant

is in custody or has been released pending trial. This request is made in consideration of the

safety of law enforcement agents who will attempt to execute the arrest warrant and to guard

against the risk of flight. The United States respectfully submits that the defendant's identity

should not be revealed in any public manner until the warrant has been executed.

Respectfully submitted,

JANE W. DUKE
United States Attorney

LAURA G. HOEY
Bar Number 650643
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
E-mail: laura.hoey@usdoj.gov

ORDER

Pursuant to the above request, the Complaint in this matter shall be sealed until the

defendant is in custody or has been released pending trial.

11-4-09
DATE

UNITED STATES MAGISTRATE JUDGE