# UNITED STATES DISTRICT COURT

District of Massachusetts

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| RALPH F. DELEO | ) | Case Number: 09-CR-10391-001-DPW |
| | ) | USM Number: 36950-133 |
| | ) | Timothy G. Watkins |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)  1s and 2s of the Superseding Information on 5/31/12

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Racketeering | 11/09 | 1s |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearms and Ammunition | 11/16/2009 | 2s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  1 of the original Indictment  ☑ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/21/2012
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Douglas P. Woodlock            Judge, U.S. District Court
Name and Title of Judge

November 21, 2012
Date

DEFENDANT: RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

199 months on counts 1s and 2s to be served concurrently. The terms of imprisonment imposed by this judgment shall run concurrently any term of imprisonment that the defendant is currently serving on Docket #09R00305-02-JLH.

Defendant shall receive credit for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant should promptly be designated to an institution commensurate with security where the Bureau of Prisons can afford appropriate medical care for the defendant's documented medical needs. Pending such designation the defendant should by housed at FMC Devens.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years on counts 1s and 2s to be served concurrently, and currently with term imposed in case no. 09R00305-02-JLH.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, ~~as determined by the court~~. not to exceed 104 tests per year, as directed.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the fine remains unpaid.

DEFENDANT: RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 50,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

　　☐ not later than _____ , or
　　☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT OF $200.00 AND FINE OF $50,000.00, IMMEDIATELY OR ACCORDING TO A PAYMENT PLAN ESTABLISHED BY THE COURT IN CONSULTATION WITH THE PROBATION OFFICER, IF NOT PAID IN FULL BEFORE RELEASE FROM PRISON THROUGH A BUREAU OF PRISONS FINANCIAL RESPONSIBILITY PROGRAM.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

　　Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:     RALPH F. DELEO
CASE NUMBER:   09-CR-10391-001-DPW
DISTRICT:      District of Massachusetts

# STATEMENT OF REASONS

## I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

**A** ☑ **The court adopts the presentence investigation report without change.**

**B** ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
*(Use page 4 if necessary.)*

    1   ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

    2   ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

    3   ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

    4   ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

**C** ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II    COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply.)*

**A** ☑ No count of conviction carries a mandatory minimum sentence.

**B** ☐ Mandatory minimum sentence imposed.

**C** ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

    ☐ findings of fact in this case
    ☐ substantial assistance (18 U.S.C. § 3553(e))
    ☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE *(BEFORE DEPARTURES)*:

Total Offense Level: __34__
Criminal History Category: __VI__
Imprisonment Range: __262__ to __327__ months
Supervised Release Range: __2__ to __5__ years
Fine Range: $ __17,500__ to $ __175,000__

☐ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW
DISTRICT: District of Massachusetts

# STATEMENT OF REASONS

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION** *(Check only one.)*

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. *(Use page 4 if necessary.)*

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. *(Also complete Section V.)*

D ☑ The court imposed a sentence outside the advisory sentencing guideline system. *(Also complete Section VI.)*

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** *(If applicable.)*

A **The sentence imposed departs** *(Check only one.)*:
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Departure based on** *(Check all that apply.)*:

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2 **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for departure *(Check reason(s) below.)*:

C **Reason(s) for Departure** *(Check all that apply other than 5K1.1 or 5K3.1.)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | | Other guideline basis (e.g., 2B1.1 commentary) |

D **Explain the facts justifying the departure.** *(Use page 4 if necessary.)*

DEFENDANT:  RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW
DISTRICT:   District of Massachusetts

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
*(Check all that apply.)*

A  **The sentence imposed is** *(Check only one.)*:
   ☑ below the advisory guideline range
   ☐ above the advisory guideline range

B  **Sentence imposed pursuant to** *(Check all that apply.)*:

   1  **Plea Agreement** *(Check all that apply and check reason(s) below.)*:
      ☑ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
      ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

   2  **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
      ☐ government motion for a sentence outside of the advisory guideline system
      ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
      ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

   3  **Other**
      ☑ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system *(Check reason(s) below.)*

C  **Reason(s) for Sentence Outside the Advisory Guideline System** *(Check all that apply.)*

   ☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
   ☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
   ☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
   ☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
   ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
   ☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
   ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D  **Explain the facts justifying a sentence outside the advisory guideline system.** *(Use page 4 if necessary.)*

DEFENDANT: RALPH F. DELEO
CASE NUMBER: 09-CR-10391-001-DPW
DISTRICT:       District of Massachusetts

# STATEMENT OF REASONS

## VII    COURT DETERMINATIONS OF RESTITUTION

A    ☑    Restitution Not Applicable.

B    Total Amount of Restitution: _____

C    Restitution not ordered *(Check only one.)*:

     1    ☐    For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

     2    ☐    For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

     3    ☐    For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

     4    ☐    Restitution is not ordered for other reasons. *(Explain.)*

D    ☐    Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE *(If applicable.)*

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.:    XXX-XX-5089 | Date of Imposition of Judgment<br>11/21/2012 |
| Defendant's Date of Birth:    1943 | <br>Signature of Judge |
| Defendant's Residence Address:<br>Somerville, MA | Douglas P. Woodlock      U.S.D.J. |
| Defendant's Mailing Address:<br>Unknown. | Name and Title of Judge<br>Date Signed   November 21, 2012 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 09-10391-DPW |
| | ) |
| 1. RALPH F. DELEO, | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**WOODLOCK, D.J.**

WHEREAS, on April 24, 2012, the United States Attorney for the District of Massachusetts filed a two-count Superseding Information charging defendant Ralph F. Deleo (the "Defendant") with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); and Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Two);

WHEREAS, the Superseding Information also contained a RICO forfeiture allegation, which provided notice that the United States sought the forfeiture, upon conviction of any offense in violation of 18 U.S.C. § 1962 alleged in Count One of the Superseding Information, of:

(a) all interests the defendant has acquired and maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;

(b) all interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

(c) all property constituting, and derived from, any proceeds which the defendant obtained, directly and indirectly, from racketeering activity and unlawful debt collection in violation of Title 18, United States Code, Section 1962;

WHEREAS, the Superseding Information further provided that the property to be forfeited by the defendant pursuant to 18 U.S.C. § 1963 includes, but is not limited to, the following assets:

(a) $506.00 seized from 12 Hathorn Street, Somerville, MA, on November 16, 2009;

(b) $41,262.17 seized from 17 Russell Street, Somerville, MA, on November 16, 2009;

(c) $5,000 seized from Ralph Deleo on November 16, 2009;[1]

(d) one 2004 Lexus RX330, bearing Vehicle Identification Number JTJHA31U040013983, seized from 17 Russell Street, Somerville, MA, on November 16, 2009 (the "Lexus");

(e) one Intratec .22 caliber pistol, serial number 005928, and two magazines, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(f) one Beretta 9 mm pistol, serial number F74606, one silencer affixed thereto, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(g) one Mossberg 12 gauge shotgun, serial number L759085, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(h) one Ruger .22LR caliber rifle, serial number 23695108, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(i) five "45 AUTO" bullets seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(j) one Kimber .45 caliber pistol, serial number KR05447 and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(k) one Browning Arms Company .22LR caliber rifle, serial number 655NX05124 and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(l) nine "45 AUTO" bullets, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

---

[1] As detailed in Defendant's Plea Agreement, the United States and the Defendant agree that the $46,768.17, described in subparagraphs (a) through (c) shall be used to satisfy criminal fines and penalties imposed against the Defendant.

(m) one Kimber .45 caliber pistol, serial number KU24667, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(n) one Ruger .22LR caliber rifle, serial number 22470558, and two magazines, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(o) one Mountain Eagle .22LR caliber rifle, serial number M691222369, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(p) one Ruger .22LR caliber pistol, serial number 22522207, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(q) one Kimber .45 caliber pistol, serial number K050061, one magazine, and one gun tool, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(r) eight magazines and three Ruger magazines, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(s) five loose bullets seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(t) twenty-six rounds of .357 Magnum 100 GR jacketed HP Winchester ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(u) twenty rounds of .25 Auto 230 Gr. FMJ PMC ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(v) fifty rounds of Winchester .357 Magnum 158 Gr. Jackets S.P. ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(w) forty-one rounds of .38 Special Federal Premium 125 Gr. Hollow Point ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(x) six rounds of .38 Super Auto+P Winchester ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(y)   forty-one rounds of .40 caliber S+W 180 Gr. TMJ Cleanfire
      CCI Blazer ammunition, seized from 128 Arlington Street, Watertown,
      MA, on December 3, 2009;

(z)   thirty-eight rounds of .38 caliber Winchester Super Auto+P130
      Gr. Full Metal Jacket ammunition, seized from 128 Arlington
      Street, Watertown, MA, on December 3, 2009;

(aa)  forty-six rounds of .38 Special caliber 158 Gr. L-RN CCI
      Blazer ammunition, seized from 128 Arlington Street,
      Watertown, MA, on December 3, 2009;

(bb)  forty-two rounds of .22LR caliber subsonic rimfire cartridges,
      fifteen rounds of .380 Auto Hydra Shock jacketed Federal
      ammunition, and two spent cartridges, seized from
      128 Arlington Street, Watertown, MA, on December 3, 2009;

(cc)  fifty rounds of Super SE Extra Aguila 22 long rifle
      ammunition, seized from 128 Arlington Street, Watertown,
      MA, on December 3, 2009;

(dd)  ninety-nine rounds of .22 long rifle Mini Mag CCI ammunition, seized
      from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(ee)  eighty rounds of .22 LR CCI Green Tag competition
      ammunition, seized from 128 Arlington Street, Watertown, MA,
      on December 3, 2009;

(ff)  ninety rounds of .22 LR CCI Green Tag competition
      ammunition, seized from 128 Arlington Street, Watertown, MA,
      on December 3, 2009;

(gg)  fifty rounds of .22 Long rifle SGB (small game bullet)
      ammunition, seized from 128 Arlington Street, Watertown, MA,
      on December 3, 2009;

(hh)  thirty-six rounds of .22 long rifle "subsonic" ammunition,
      seized from 128 Arlington Street, Watertown, MA, on
      December 3, 2009;

(ii)  fifty rounds of .22 long rifle "subsonic" ammunition, seized
      from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(jj) thirty-three rounds of .380 Auto Full Metal Case "Made in USA" ammunition, and one spent cartridge, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(kk) forty-four rounds of .380 Auto Full Metal Case "Made in USA" ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(ll) forty-nine rounds of Remington Nitro 27 Handicap ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(mm) two rounds of Federal Maximum load "00" buck ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(nn) twelve rounds of Winchester .357 ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(oo) six rounds of WW Super .44 Rem Mag ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(pp) six rounds of Federal .38 Special ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009; and

(qq) twenty rounds of .22 Long Rifle ammunition, and one empty magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009

(subparagraphs (e) through (qq), the "Firearms and Ammunition");

WHEREAS, the Superseding information further provided that, if any of the above-described property, as a result of any act and omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) hereof;

WHEREAS, the Superseding Information further included a Firearms Forfeiture Allegation pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), which provided notice that upon conviction of any offense set forth in Count Two of the Superseding Information, the Defendant shall forfeit to the United States all firearms and ammunition involved in the commission of the offense, which included the Firearms and Ammunition as defined above;

WHEREAS, the Superseding Information further provided that, if any of the Firearms and Ammunition described above, as a result of any act or omission of the defendant -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on May 31, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Superseding Information pursuant to a written Plea Agreement, which the Defendant signed on May 24, 2012;

WHEREAS, in Section 10 of the Plea Agreement, the Defendant agreed to forfeit to the United States any and all assets directly traceable to his offenses, assets used to facilitate his offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses, the assets to be forfeited specifically include, without limitation the Lexis, and the Firearms and Ammunition;

WHEREAS, based on the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Lexus, and the Firearms and Ammunition, and the offenses to which the Defendant pled guilty, and accordingly, the Lexus, and the Firearms and Ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Lexus, and the Firearms and Ammunition.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Lexus, and the Firearms and Ammunition and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Lexus, and the Firearms and Ammunition are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Lexus, and the Firearms and Ammunition and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Lexus, and the Firearms and Ammunition.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Lexus, and the Firearms and Ammunition to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Lexus, and the Firearms and Ammunition, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Lexus, and the Firearms and Ammunition; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Lexus, and the Firearms and Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or

interest in the Lexus, and the Firearms and Ammunition, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Lexus, and the Firearms and Ammunition.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Douglas P. Woodlock

DOUGLAS P. WOODLOCK
United States District Judge

Dated: November 21, 2012