UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No: 09-10391 |
| v. | ) ) ) |  |
| RALPH DELEO et al., | ) ) |  |
| Defendant | ) ) |  |

# **PROTECTIVE ORDER**

Upon review of the Motion for Protective Order filed by the United States in this matter, and for good cause shown based on certain safety and security issues present in this case, the Court issues the following Protective Order governing discovery. Nothing in this Order shall limit the ability of the parties to seek modifications of this Protective Order in the future.

a. For purposes of the Protective Order, the term "confidential materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, any confidential informant's or cooperating witness's recorded statements, whether written or oral, prior criminal history, or any other information that could be used to identify a confidential informant, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order, as well as any document or information containing personal identifying information as described in Fed. R. Crim. P. 49.1, including addresses, dates of birth, or social security numbers.

b. This Protective Order shall govern all "Protected Information" produced by the government in this case from this day forward. This Protective Order does not apply to any reciprocal discovery provided by the defense (subject to a further showing that reciprocal discovery also raises safety or security concerns requiring a Protective Order).

c. The term "Protected Information" shall be given a broad interpretation and shall include any materials produced by the government pursuant to either the Federal Rules or the Local Rules, or any discovery otherwise produced on a voluntary basis.

1

d.  The term "Defense Team" shall include attorneys of record; partners, associates, counsel, and support staff at the same law firms as attorneys of record; and investigators, experts, and other individuals retained to participate in the defense of a named defendant by attorneys of record. The Defense Team excludes any defendant or family member of a defendant. The Defense Team is limited to attorneys and agents representing a defendant in this case and does not extend to attorneys or agents representing a defendant in any other case or in any other federal, state, or local court.

e.  No Protected Information shall be produced to any defendant unless an attorney of record for that defendant first executes the attached Agreement to Terms of Protective Order (the "Agreement") prior to receiving, accessing, and/or reviewing any Protected Information.

f.  The Defense Team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose. In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal, unless relief from the restrictions imposed in the protective order are first obtained from the Court. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such parties an opportunity to object or otherwise respond to such intention. If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the confidential material and make all reasonable attempts to limit the disclosure of confidential materials.

g.  If an attorney of record wishes to further share Protected Information with other members of the Defense Team, each defense counsel shall (i) provide a copy of this Protective Order and the attached Agreement to the member of the Defense Team with whom Protected Information are intended to be shared; (ii) obtain a signed copy of the Agreement from each such member of the Defense Team prior to sharing any Protected Information; and (iii) maintain a copy of each signed Agreement by each member of the Defense Team with whom defense counsel has shared any Protected Information.

h.  The Defense Team shall maintain Protected Information in accordance with this Agreement and Protected Information shall be used by the Defense Team solely and exclusively in connection with the litigation and trial of this case and any related appeal.

i.  Protected Information shall be accessed, reviewed, and/or copied only by members of the Defense Team. Defense counsel shall maintain a signed copy of this Order and the Agreement in his or her files, as well as a copy of each Agreement signed by each member of the Defense Team with whom defense counsel has shared Protected Information.

j.  The Defense Team shall not provide or distribute any copies of any Protected Information to the defendant. The defendant in this case is permitted to review Protected Information in the presence of a Defense Team member who has signed the Agreement and has agreed to be bound by this Protective Order. In no circumstances shall any member of the Defense Team leave any printed Protected Information with the defendant, even for a limited period, absent Order of this Court.

k.  Defendant is not permitted to maintain any Protected Information, copies of Protected Information, translations of Protected Information, or summaries of Protected Information, absent Order of this Court.

l.  The Defense Team shall not provide Protected Information to unindicted co-conspirators or their agents. Nothing in this provision limits the ability of a Defense Team to petition the Court (via an ex parte motion or otherwise) for relief from this provision on the grounds that sharing Protected Information with an unindicted co-conspirator is necessary for the preparation of a defense or otherwise in the interests of justice. If such relief is granted, unless otherwise ordered, unindicted co-conspirators and their agents with whom Protected Information are shared shall be subject to the terms of this Protective Order and the attached Agreement.

m.  Nothing in this Protective Order limits the ability of the government to produce Protected Information to others as part of ongoing investigations or prosecutions.

n.  Violation of this Protective Order or the attached Agreement shall be subject to sanction. Absent further Order of the Court, the terms of this Protective Order and the attached Agreement shall continue to be in effect and binding following the termination of the case.

SO ORDERED.

Dated: May 27, 2025

/s/ Paul G. Levenson
Honorable Paul G. Levenson
U.S. Magistrate Judge